UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:     13-60533-CIV-COHN/SELTZER

VENCHIES SIMPSON, on her own
Behalf and others similarly situated

        Plaintiff,

vs.

TARPON BEND AT NEW RIVER CORP

        Defendant,

and

SUNTRUST BANK

        Garnishee.

_____/

## ANSWER OF THE GARNISHEE, SUNTRUST BANK

    Garnishee, SUNTRUST BANK, hereby Answers the Writ of Garnishment ("Writ') served upon it as follows:

    1.    Garnishee had at the time of service of the Writ, plus sufficient time not to exceed one (1) business day, at the time of making this Answer and at all times between such periods, three (3) accounts designated:

| | | |
|---|---|---|
| TARPON BEND AT NEW RIVER CORP D/B/A NEW RIVER VILLAS EXPENSE ACCOUNT 408 COOLEY AVE FORT LAUDERDALE FL 33312 Account # ending in 7406 Amount Held: $85.26 | TARPON BEND AT NEW RIVER CORP D/B/A NEW RIVER VILLAS TRUST ACCOUNT 408 COOLEY AVE FORT LAUDERDALE FL 33312 Account # ending in 7414 Amount Held: $86.00 | TARPON BEND AT NEW RIVER CORP D/B/A NEW RIVER VILLAS OPERATING ACCOUNT 408 COOLEY AVE FORT LAUDERDALE FL 33312 Account # ending in 7430 Amount Held: $746.52 |

**Garnishee has retained $917.78 pursuant to the Writ.**

    2.    Prior to retaining the sum described above, Garnishee has offset an administrative fee of $100.00 as allowed by Garnishee's deposit agreement and not as an attorney fee.

    3.    Garnishee has no other tangible or intangible personal property of said Defendant in its possession or control at the time of this Answer, and had no such property in its possession or

1

control at the time of service of the Writ, nor at any time between such periods.

4. Pursuant to Florida Statute 77.06(2), Garnishee does not know of any other person, firm, or corporation which has an ownership interest in the involved property or may have any of the goods and possessions of said Defendant, at the time of service of the Writ, plus sufficient time not to exceed one (1) business day, at the time of making this Answer and at all times between such periods, in its or their possession or control.

5. Garnishee has no obligation to make, and has not made, a factual determination whether the property of the Defendant(s) in its possession or control is subject to any exemption provided to the Defendant(s) by State or Federal Law.

6. The undersigned counsel, a member of the Florida Bar and attorney for Garnishee, SUNTRUST BANK, has prepared this Answer to the Writ. The Garnishee hereby demands that the Clerk award the $100.00 statutory attorney garnishment fee for having legal representation in this garnishment action, as provided by Section 77.28, Florida Statutes, payable to SUNTRUST BANK.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by email to: Joe M. Grant, Esq (jgrant@msglaw.com) Attorney for Plaintiff, this 13th day of November, 2013.

SUNTRUST BANK

By: _____
JOHN A. BARRY
legaldocuments@suntrust.com
Florida Bar No.: 671541
200 South Orange Avenue
Mail Code: Fl-Orlando-2034
Orlando, Florida 32801
Telephone: (407) 237-4640
Attorney for Garnishee

2