UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  13-60533-CIV-COHN/SELTZER

VENCHIES SIMPSON, on her own
Behalf and others similarly situated,

      Plaintiff,

vs.

TARPON BEND AT NEW RIVER CORP.,

      Defendant.
_____/

## NOTICE OF TAKING DEPOSITION *DUCES TECUM*\*

PLEASE TAKE NOTICE that Plaintiff, Venchies Simpson will take the deposition of:

| **NAME** | **DATE and TIME** | **PLACE** |
|---|---|---|
| Tarpon Bend at New River Corp. | January 17, 2014 10:00 A.M. | Marshall Socarras Grant, P.L. 197 S. Federal Highway Suite 300 Boca Raton, FL 33432 |

\* **and to have with you at such time and place a copy of the following documents listed on the attached Schedule "A."**

upon oral examination before an officer or registered reporting service or any other notary public or officer authorized by law to take depositions in the State of Florida.  The oral examination will continue from day to day until completed.  This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

Said deposition to be taken pursuant to the *Federal Rules of Civil Procedure* in such cases provided. The said oral examination will continue from hour to hour and from day to day until completed.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
*Attorneys for Plaintiff*
197 S. Federal Highway, Suite 300
Boca Raton, Florida 33432
Telephone: 561.361.1000
Facsimile: 561.431.5834
Email: jgrant@msglaw.com


/s/ Joe M. Grant
Joe M. Grant
Florida Bar No. 0137758

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 13, 2013, I uploaded the foregoing document via CM/ECF, and served the document on the parties listed below in the manner indicated.

**VIA U.S. MAIL**

**Tarpon Bend at New River Corp.**
c/o Robert D. Reeder, Registered Agent
3015 Center Avenue
Fort Lauderdale, FL 33312


Copy furnished via e-mail to:
Universal Court Reporting via e-mail at schedule@universalcourtreporting.com

## SCHEDULE A

**I.    INSTRUCTIONS**

Compliance with their request is to be made in accordance with the following:

A.    You are required to produce all of the requested documents that are in your possession, custody, or control, including your agents, accountants, attorneys, representatives, employees, or any other person, regardless of their location.

B.    If you at any time had possession, custody or control of a document called for under their request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

C.    If you assert that any document called for by their request is protected against disclosure as the attorney's work product doctrine or by the attorney-client or any other privilege, you shall provide the following information with respect to such document:

i.    the name and capacity of the person or persons who prepared the document;

ii.    the name and capacity of all addresses or recipients of the original or copies thereof;

iii.    the date, if any, borne by the document;

iv.    a brief description of the document's subject matter and physical size;

v.    the source of the factual information from which such document was prepared; and

vi.    the nature of the privilege claimed.

D.   All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

E.   These requests are continuing in nature and subject to the requirement that any production be supplemented in the event new or additional documents are discovered or obtained after service of these document requests.

F.   For purposes of this document request, the term "document" includes any property within the category of documents sought in which Defendant may have an ownership or possessory right, title or interest, either directly or indirectly, individually or jointly, and whether in the form of a partnership or stockholding interest or trust.

G.   The time frame for production of documents as defined above is from January 1, 2010 to present date.

## II.   **DEFINITIONS**:

The following definitions shall apply to this Request:

1.   "Documents" mean any document in your custody, possession or control, including, but not limited to, the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photo stated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, e-mail, website postings, memoranda, including inter-office and intra-office memoranda,

memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained.  Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

2. "You" or "Your" means Tarpon Bend at New River Corp., as described above and includes any agent or attorney for you, and any other persons acting or purporting to act on your behalf, or under your authority or control.

3. "Defendant" means Tarpon Bend at New River Corp, and includes any alias you may have used, or attorney for Defendant, and any other persons acting or purporting to act on your behalf, or under its authority or control.

4. The singular includes the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

5. A document "concerns", "refers to", "relates to" or is "concerning", "referring to" or "relating to" a particular fact, matter or event when it proves or disproves, or tends to prove or disprove, the fact, matter, or event, or contains information concerning, explaining, or providing a background for understanding that fact, matter or event, or is evidence of or a result of that fact, matter, or event, or could lead to additional relevant information concerning, explaining, or providing a background for understanding that fact, matter or event, or was produced altered or signed as a part of or as a result of that fact, matter or event.

### III. DOCUMENTS TO BE PRODUCED

1. All of Defendant's financial, business and property records and all other papers, passbooks, record books, and books of account which tend to disclose the extent and nature of all financial interests, property, and property rights owned by Defendant, and the location(s) thereof.

2. All passbooks with respect to all savings accounts, checking accounts and savings and loan association accounts, owned by Defendant solely, or jointly as co-partner, or joint adventurer, in any business enterprise, or owned by any corporation in which Defendant have interest.

3. All check books, check stubs, cancelled checks, records of electronic transfers or withdrawals, and bank statements solely or jointly as co-partner or joint adventurer, in any business enterprise, or owned by any corporation in which Defendant have an interest.

4. The latest available balance sheets and other financial statements in Defendant's possession with respect to any and all business enterprises of whatever nature in which Defendant possesses any ownership interest, whether partner, joint adventurer, stockholder, or otherwise. This includes, but is not limited to, Defendant's balance sheets.

5. Accounts receivable ledgers or other personal records of the following which sets forth the names and addresses of all personal or business enterprises that are indebted to Defendant personally, or in Defendant's capacity as co-partner, or joint adventurer in any business enterprise. This includes, but is not limited to, Defendant's account receivable ledgers.

6. Copies of all Tax Returns filed by Defendant.

7. Copies of the partnership or corporate Income Tax Returns for any partnership or corporation in which Defendant possesses any ownership interest whether as partner, joint adventurer, stockholder or otherwise.

8. All of Defendant's income statements.

9. All of Defendant's cash flow statements.

10. All reports to shareholders which were issued by Defendant to any person.

11. All of Defendant's bank statements.

12. All of Defendant's statements relating to assets owned directly or indirectly by Defendant.

13. All documents identifying bonuses paid to Defendant's managers, members, employees, or agents.

14. All documents identifying distributions paid or funds or assets transferred to anyone, including without limitation, third parties, Defendant's managers, members, employees, or agents.

15. All payroll records reflecting payments made to Defendant.

16. All records reflecting payments or distributions made to Defendant.

17. All documents, including but not limited to cancelled checks, credit card bills, handwritten receipts, and wire transfer receipts, relating to payments for each and every expense Defendant claim to have incurred from its inception to the present.

18. Copies of any documents, of whatever kind, which show or may lead to the discovery of any property, interest, right or asset owned or held by Defendant.

19. Copies of all records of whatever kind pertaining to any accounts receivable, inventory, equipment, furniture or fixtures owned by Defendant

20. Copies of all records of whatever kind pertaining to any accounts receivable, inventory, equipment, furniture or fixtures pledged by Defendant to any institution or person.

21. Copies of all loan documentation concerning loan(s) given by any institution or person to Defendant.

22. Copies of all financial statements completed by Defendant relating to Defendant's finances.

23. Copies of all applications made by Defendant for the purpose of obtaining credit and/or financing.

24. Copies of employee benefit plans including pension plans, profit sharing plans, and employee stock plans (include employee handbook if available).

25. Copies of any deferred compensation agreements or other such compensation and bonus packages.

26. All documents relating to any interest held by Defendant in insurance or other claims now pending, or in any litigation or action.

27. All leases and\or contracts relating to bank "safe deposit" boxes or other depositories rented or owned by Defendant.

28. All documents showing your ownership interest in the Defendant, Tarpon Bend at New River Corp.

29. All documents referring to the above captioned lawsuit, or underlying lawsuit giving rise to the judgment in favor of Plaintiff.